**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4463-17T1

MARILYN YACONA,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

     Argued July 16, 2019 – Decided July 31, 2019

     Before Judges Vernoia and Mayer.

     On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-1194256.

     Samuel M. Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel M. Gaylord, on the briefs).

     Jeffrey D. Padgett, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jeffrey D. Padgett, on the brief).

PER CURIAM

Petitioner Marilyn Yacona appeals from an April 19, 2018 final agency decision of respondent Board of Trustees of the Public Employees' Retirement System (Board), denying her application for ordinary disability retirement benefits. We affirm.

Petitioner was employed by the Burlington County Bridge Commission as a toll collector and certified bridge operator, working at the Burlington-Bristol and the Tacony-Palmyra Bridges, from 2002 until her retirement in June 2014. In connection with her work, petitioner was required to collect tolls and inspect the bridge operations. According to her job description, petitioner's duties entailed climbing stairs and ladders, carrying equipment, lifting, and standing.

Petitioner began experiencing lower back pain in 2011. A doctor sent her for magnetic resonance imaging (MRI) and told her to lose weight. In 2012, because petitioner's back pain radiated into her right foot, she received epidural injections in her back and was prescribed pain killers. Due to the risks associated with surgery, petitioner declined lumbar fusion to address her back complaints.

Petitioner claimed her back pain affected her ability to perform her duties. She explained that the actions of stretching, twisting, bending, and reaching

caused her to experience difficulty in the performance of her job. She also expressed that standing or sitting while collecting tolls caused pain in her lower back.

On August 28, 2014, petitioner applied for ordinary disability retirement benefits. After being denied benefits, she appealed and the Board approved her request for a hearing. The matter was transmitted to the Office of Administrative Law and an Administrative Law Judge (ALJ) held hearings on July 6 and July 12, 2017.

At the hearing, petitioner testified she treated with Dr. Young Lee, a pain specialist, from 2011 to 2017. The doctor prescribed pain killers to ease petitioner's back pain. Dr. Lee diagnosed petitioner as suffering from lumbar facet syndrome, disc herniations at L4-L5 and L5-S1, lumbar radiculopathy, lumbar spinal stenosis, lumbar degeneration, and muscle spasm.[1]

Dr. Lawrence Barr evaluated petitioner in January 2017. He reviewed petitioner's medical records, including MRI reports, but did not review the actual

---

[1] Dr. Lee did not testify during the hearing. However, the ALJ judge considered Dr. Lee's medical records, describing the doctor's treatment for petitioner's back pain. The testifying witnesses included petitioner, her expert, Dr. Lawrence Barr, and the Board's expert, Dr. Jeffrey Lakin.

A-4463-17T1

MRI films. Based on his evaluation, Dr. Barr opined petitioner was totally and permanently disabled from performing her duties.

The Board retained Dr. Jeffrey Lakin to evaluate petitioner's condition. He examined petitioner on January 9, 2015. In addition to reviewing petitioner's medical records, Dr. Lakin reviewed her MRI films. According to Dr. Lakin, the 2007 MRI film showed degenerative changes in the lumbar spine with disc bulging at the L2 through S1 levels. The 2011 and 2013 MRI films revealed the same multilevel disc degeneration with bulging.

Dr. Lakin concluded petitioner was not totally and permanently disabled from the performance of her job duties. He found petitioner's lower extremities were neurologically intact and she had an unremarkable orthopedic examination. Dr. Lakin found no disc herniations or nerve root impingements in his review of the MRI films of petitioner's spine. He opined petitioner suffered from degenerative disc disease of the lumbar spine.

After the record closed, the ALJ issued a March 2, 2018 initial decision, denying petitioner's application for ordinary disability retirement benefits. The judge found both testifying experts credible even though they had opposite opinions regarding petitioner' ability to perform her job duties. The judge explained that Dr. Barr did not testify that petitioner could not perform any of

the duties or functions of a toll collector and bridge operator. The judge noted Dr. Barr did not review the essential functions and physical requirements associated with petitioner's job duties and only expressed petitioner might have difficulty with some of the physical requirements in her job description. The judge found petitioner's expert opined she was "able to return to work and undertake some of the actions required in her job description."

On the other hand, the judge explained Dr. Lakin found petitioner was able to perform her job duties. According to Dr. Lakin's testimony, petitioner could return to work and perform most of her duties as a toll collector and bridge operator.

Based on the testimony of Dr. Lakin, which the judge found to be more persuasive, the ALJ concluded petitioner suffered from degenerative disc disease of the lumbar spine and was not totally unable to perform her job duties. The ALJ determined:

> [p]etitioner demonstrated ability for restricted work, and she demonstrated ability for many of the essential job duties, and physical requirements, as set forth in her job description. Petitioner's condition was not sufficiently disabling so as to cause petitioner to be totally disabled and unable to perform her work duties. Her duties were of such a nature that she could continue working, as well as undertake and perform a majority of the functions required of her. Petitioner can do her job on a restricted basis.

5

Petitioner filed exceptions to the ALJ's decision. The Board upheld the ALJ's decision, finding petitioner was able to perform the duties of her job.

On appeal, petitioner argues she is disabled from the performance of her regular and assigned job duties as a toll collector and bridge operator.

Our review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). We will sustain an agency's action "unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In Re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). We may not second-guess or substitute our judgment for that of the agency. In re Stallworth, 208 N.J. 182, 194 (2011). With regard to expert witnesses, we rely on the ALJ's "acceptance of the credibility of the expert's testimony and the [judge's] fact-findings based thereon, noting that the [judge] is better positioned to evaluate the witness'[s] credibility, qualifications, and the weight to be accorded [to his or] her testimony." In re Guardianship of D.M.H., 161 N.J. 365, 382 (1999).

To qualify for ordinary disability retirement benefits under N.J.S.A. 43:15A-42, a petitioner must establish by a preponderance of the credible evidence that he or she is "physically or mentally incapacitated for the

performance of duty and should be retired." "The applicant for ordinary disability retirement benefits has the burden to prove that he or she has a disabling condition and must produce expert evidence to sustain this burden." Bueno v. Bd. of Trs., Teachers' Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008). A petitioner "must establish incapacity to perform duties in the general area of his [or her] ordinary employment[,] rather than merely show[] [an] inability to perform [his or her] specific job . . . . " Id. at 130 (quoting Skulski v. Nolan, 68 N.J. 179, 205-06 (1975)).

Having reviewed the record and applying our highly deferential standard of review, we are satisfied petitioner failed to demonstrate that the Board's decision, adopting the ALJ's initial decision, is arbitrary, capricious, or unreasonable, or that it was not supported by substantial credible evidence in the record. The ALJ assessed the expert testimony presented by the parties and provided a detailed discussion and evaluation of the medical evidence to determine petitioner was ineligible for ordinary disability retirement benefits because she is not physically incapacitated from performing her job duties.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                                    A-4463-17T1